UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHARLES W. COLEMAN,
*Plaintiff*,

v.                                                         No. 3:23-cv-1581 (JAM)

SANDRA CHARLES *et al.*,
*Defendants*.

**ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Charles Coleman is a prisoner in the custody of the Connecticut Department of Correction ("DOC"). He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 alleging that Connecticut prison officials violated the Eighth Amendment. For the reasons set forth in this ruling, I will dismiss the action for failure to state a claim upon which relief can be granted.

## BACKGROUND

The complaint arises from Coleman's incarceration as a sentenced state prisoner at the Cheshire Correctional Institution ("CCI") in Cheshire, Connecticut. On or about November 11, 2020, CCI medical staff changed Coleman's blood pressure medication.[1] On November 25, he filed a grievance claiming he was experiencing multiple side effects, including dizziness, because of the new medication.[2] Nurse Sandra Charles evaluated Coleman on November 30 but noted that the dizziness was "not related to med change."[3] On December 4, Coleman fell on the floor of his cell.[4] He was "dizzy," felt "hot," and was "pouring down sweat."[5] While attempting

---

[1] Doc. #13 at 4.
[2] *Ibid.*; Doc. #1 at 5 (¶ 9).
[3] Doc. #1 at 8–9 (¶ 11); Doc. #13 at 4.
[4] Doc. #1 at 4 (¶ 2).
[5] *Id.* at 4 (¶ 3).

1

to get water, Coleman "hit [his] head on the cell door and fell out on the floor" again.[6]

In the wake of the December 4 incident, Coleman filed several grievances.[7] On December 1, 2023, he filed this lawsuit, alleging that Nurse Charles and her medical supervisor John Doe were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.[8]

On May 6, 2024, I entered an order requiring Coleman to show cause why this action should not be dismissed for failure to fully his exhaust administrative remedies. *See Coleman v. Charles*, 2024 WL 1991013 (D. Conn. 2024).[9] Coleman has now filed a response.[10]

## DISCUSSION

Congress by law requires that a federal court conduct an initial review of a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments they suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).[11] Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *Ibid*.

---

[6] *Id.* at 5 (¶ 5).
[7] *Id.* at 9–12 (¶¶ 12–19), 27, 29; Doc. #13 at 5, 7–11.
[8] *See* Doc. #1 at 1, 5. Coleman brings this action against "medical supervisor (John Doe, or Jane Doe)." *Id.* at 1. For the purposes of this order, I will refer to this party as "medical supervisor John Doe."
[9] Doc. #12.
[10] Doc. #13.
[11] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must comply with all procedural rules regarding the grievance process prior to commencing an action in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). A district court may "dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016).

The Court's order to show cause described the DOC administrative grievance procedures that govern exhaustion of an inmate's administrative remedies and, ultimately, found that Coleman had failed to exhaust his administrative remedies. *See Coleman*, 2024 WL 1991013, at *3–4. Coleman disagrees, contending he has exhausted his administrative remedies.[12] But even if Coleman had exhausted his administrative remedies, he has failed to state a claim upon which relief can be granted.

The Eighth Amendment to the U.S. Constitution prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. The Second Circuit has explained that "[t]his prohibition has both objective and subjective components: official conduct that was 'harmful enough' to be characterized as 'punishment,' and a 'sufficiently culpable state of mind.'" *Walker v. Schult*, 45 F.4th 598, 610 (2d Cir. 2022) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297–98, 303 (1991)). Accordingly, "to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Collymore v.*

---

[12] *Id.* at 3.

*Krystal Myers, RN*, 74 F.4th 22, 30 (2d Cir. 2023) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

But Coleman has not done so here with respect to Nurse Charles. In order to satisfy the subjective component, a defendant must have acted "recklessly," meaning that she "knew of and consciously disregarded an excessive risk to inmate health or safety." *Thomas v. Wolf*, 832 F. App'x 90, 92 (2d Cir. 2020). By contrast, "an inmate's disagreement with the defendant's medical judgment as to the proper course of treatment cannot support a constitutional claim for deliberate indifference." *Mitchell v. Schauer*, 2024 WL 1973434, at *4 (D. Conn. 2024).

The facts here suggest, at most, that Nurse Charles was negligent in continuing Coleman on the new medication, despite his claims of dizziness. They do not suggest, for example, that Nurse Charles altogether ignored Coleman's complaint. Indeed, Nurse Charles saw Coleman on November 30, 2020 and recorded that his "[d]izziness has been ongoing" but that it "is not related to med change" and that she was "having him see a cardiologist."[13] She again saw Coleman on December 9, 2020, when "[h]e report[ed] still having dizziness."[14] Nurse Charles "encouraged him to drink plenty of water" and noted that she would "follow-up with him in 2 weeks to reassess."[15] On February 5, 2021, Nurse Charles met with Coleman and they "talked about his issues."[16]

The law is clear that "mere allegations of negligent malpractice do not state a claim of deliberate indifference." *Thomas*, 832 F. App'x at 92 (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). Absent any facts plausibly suggesting that Nurse Charles was no less than deliberately indifferent or reckless in continuing Coleman's prescription of the new

---

[13] *Id.* at 4 (signed Dec. 2, 2020).
[14] Doc. #1 at 36 (signed Dec. 9, 2020).
[15] *Ibid.*
[16] Doc. #13 at 7 (signed Feb. 5, 2021).

medication, there are no grounds to conclude that Nurse Charles violated Coleman's Eighth Amendment rights.

Nor has Coleman stated a claim with respect to medical supervisor Doe. Coleman seems to be advancing a theory of supervisory liability, under which he would hold medical supervisor Doe liable for Nurse Charles' alleged misconduct. The Second Circuit has explained that "there is no special rule for supervisory liability," and "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). But Coleman has not alleged that medical supervisor Doe was personally involved in the continuation of his prescription of the new medication. Accordingly, the complaint fails to state plausible grounds for relief against medical supervisor Doe.

It is unfortunate that Coleman experienced significant medical distress and hospitalization. But that of itself does not signify that prison officials were deliberately indifferent to his serious medical needs or that he is entitled to an award of money damages against them.

## CONCLUSION

For the reasons set forth above, the Court DISMISSES this action pursuant to 28 U.S.C. § 1915A(b). Coleman's motion to appoint counsel (Doc. #11) is DENIED as moot and for lack of any showing of substantial merit to his Eighth Amendment claims.

It is so ordered.

Dated at New Haven this 31st day of July 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge